IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAMERON MURRAY #313-460
    Petitioner                                         :

      v.                                                  :       CIVIL ACTION NO. CCB-12-3452

BOBBY P. SHEARIN, et al.,               :
    Respondents

**MEMORANDUM**

On November 20, 2012,[1] the Clerk received petitioner Hameron Murray's 28 U.S.C. § 2254 habeas corpus application attacking his 1993 Maryland judgment of conviction for first-degree murder and related offenses. ECF No. 1. Respondents filed an answer which solely addresses the timeliness of petitioner's application. ECF No. 6  Petitioner was advised of his opportunity to file a reply (ECF No. 7), and has done so. ECF No. 8. The court finds no need for an evidentiary hearing, *see* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2), and for reasons set forth herein shall dismiss the petition as time-barred and decline to issue a Certificate of Appealability.

Procedural History

On December 16, 1992, petitioner was convicted by a jury sitting in the Circuit Court for Prince George's County of first-degree murder, conspiracy to commit murder, and use of a handgun in the commission of a felony. ECF No. 6, Ex. 1, pp. 6-7. On January 12, 1993, petitioner was sentenced to life imprisonment plus twenty years of incarceration. *Id.,* p. 8. Petitioner sought reconsideration by motion filed on January 20, 1993, which was denied on February 5, 1993. *Id.,* pp. 8-9. On October 21, 1993, the Court of Special Appeals of Maryland

---

[1] The petition is not dated; however, the accompanying indigency application is dated November 13, 2012, and the court shall deem the petition filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States. v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

affirmed petitioner's convictions and sentences. *Id.*, pp. 9-10. A writ of certiorari filed in the Court of Appeals of Maryland was denied on December 20, 1993. *Id.,* Petitioner did not seek further review in the United States Supreme Court, ECF No. 1 at 3, and his judgment of conviction became final in March of 1994.

At the time of his Maryland conviction, petitioner was already sentenced to serve twenty-five-years-to-life in the State of New York. ECF No. 8, p. 3. Petitioner indicates he was returned from Maryland to serve the New York sentence on February 12, 1993, while his Maryland appeal was pending. *Id.,* p. 4.

Petitioner claims he served more than thirteen years of the New York sentence before he was extradited to Maryland on April 16, 2003. *Id.* On October 15, 2008, petitioner initiated post-conviction relief in the Circuit Court for Prince George's County. ECF No. 8, p. 4. The petition was withdrawn on October 15, 2009. *Id., see also* ECF No. 6, Ex. 1, pp. 10-11. On March 2, 2010, petitioner again filed for post-conviction relief, which was denied by order dated April 30, 2011. ECF No. 6., Ex. 1, pp. 11, 13. Leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on October 1, 2012, with the court's mandate issuing on November 1, 2012.

Standard of Review

Title 28 U.S. C. § 2244(d)[2] provides a one-year statute of limitations in non-capital cases for those convicted in state court. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C.

---

[2]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

2

§ 2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

In *Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549 (2010), the Supreme Court held that equitable tolling applies to the statute of limitations for post-conviction petitions filed under § 2254. *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris*, 209 F.3d at 329-30.[3]

Analysis

Petitioner's judgment of conviction became final for direct appeal purposes in 1994. Given the one-year grace period provided to habeas petitioners whose convictions became final prior to the April 24, 1996 signing of the Antiterrorism and Effective Death Penalty Act of 1996

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] *See also Lusk v. Ballard*, 2010 WL 3061482 at *6 (N.D.W. Va. July 22, 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

("AEDPA"), petitioner's one-year limitations period began to run on April 24, 1996, and expired on April 24, 1997.  *See Brown v. Angelone,* 150 F.3d 370, 375-76 (4th Cir. 1998); *Hernandez v. Caldwell,* 225 F.3d 435, 438-39 (4th Cir. 2000).  Clearly, petitioner did not initiate post-conviction proceedings within one year of April 24, 1997.  He contends that his absence from Maryland while he served his New York sentence entitles him to equitable tolling of the limitations period.  ECF No. 8, pp. 3-5.  This absence alone, without more, does not present a valid basis for equitable tolling.  *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (equitable tolling requires showing that petitioner pursued his rights diligently and extraordinary circumstance "stood in his way."); *see also Holland,* 130 S.Ct. 2562 (equitable tolling limited to extraordinary circumstances).

Even if the court assumed Murray's absence from Maryland from 1993 to 2003, tolled the limitations period, his present petition is still time-barred.  Petitioner had no collateral challenges to his conviction and sentence pending between April 16, 2003 and October 15, 2008, a period of more than five years.  Furthermore, he withdrew his initial post-conviction petition on October 15, 2009, and did not again seek post-conviction relief until March 2, 2010, a period of four and one-half months.  By the time Murray initiated post-conviction proceedings, the one-year limitations had long expired; thus, his petition is time-barred pursuant to 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the *Rules Governing Proceedings under Section 2254* "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…if the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a

habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.  Petitioner has not satisfied this standard, and the court declines to issue a certificate of appealability.   A separate order follows.


March 22, 2013                                          /s/
Date                                             Catherine C. Blake
                                                 United States District Judge